ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CROSSROADS SYSTEMS (TEXAS), a Texas corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHAPARRAL NETWORK SYSTEMS, INC. a Colorado Corporation,<br><br>Defendant. | CIVIL ACTION NO. A-00CA-217-SS<br><br>DEMAND FOR JURY TRIAL |

**PLAINTIFF CROSSROADS SYSTEMS (TEXAS), INC.'S
MOTION IN LIMINE TO PRECLUDE THE INTRODUCTION OF
EVIDENCE RELATED TO THE ISSUE OF WHETHER CROSSROADS
MARKED ITS ROUTER PRODUCTS WITH THE '972 PATENT**

TO THE HONORABLE JUDGE OF SAID COURT:

### I. INTRODUCTION

Crossroads Systems (Texas), Inc. ("Crossroads") seeks to prevent the introduction of evidence concerning the fact that Crossroads marked its router products with the '972 patent because this fact is irrelevant to any issue in this litigation. Crossroads also seeks to preclude the introduction of the testimony because it would prejudice Crossroads.

Beginning in January 2000, Crossroads began to mark its products with a label that included notice of the '972 patent. Crossroads subsequently determined it had mistakenly marked its routers with the '972 patent.

Under Federal Rule of Evidence 401, "relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case." Fed. R. Evid. 401 Advisory Committee Notes (1972). Moreover, Federal Rule of Evidence 403 provides that evidence, even if relevant, "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403.

Pursuant to Rule 401, this Court should preclude the introduction of any evidence relating to the fact that Crossroads marked its router products. The only issues that are in dispute in this case are found in Plaintiff's First Amended Complaint and Chaparral's Amended Answer and Counterclaims. Crossroads' marking of its products is not relevant to any issue in this litigation.

## II. MARKING IS IRRELEVANT TO THIS LITIGATION

### A. Neither Crossroads Nor Chaparral Raised the Issue of Marking in its Pleadings.

In its pleadings, Crossroads did not raise any issue that may be proved or disproved by the fact that it marked its products. Nor did Chaparral raise the issue of marking in any of its pleadings. Chaparral raised three causes of action in its counterclaim: patent invalidity; non-infringement; and inequitable conduct. None of these counterclaims may be proved or disproved based on the fact that Crossroads marked its products. Moreover, Chaparral has not plead false marking under 35 U.S.C. §292. Crossroads' marking is irrelevant to any of Crossroads' claims or Chaparral's counterclaims.

### B. Evidence That Crossroads Erroneously Marked its Router Products is Irrelevant to Actual Notice

Crossroads only contends that it is entitled to recover damages as of the date that it filed suit and gave Chaparral actual notice of its infringement of the '972 patent. Therefore the issue of whether Crossroads' routers were marked is irrelevant to the issue of notice.

### C. Evidence That Crossroads Erroneously Marked its Router Products is Irrelevant to Infringement, Invalidity and Inequitable Conduct

To prove infringement in this case, Plaintiff must prove by a preponderance of the evidence that Chaparral's routers and RAID controllers contain each limitation of the claims of the '972 patent, either literally or by application of the doctrine of equivalents. *Seal-Flex, Inc. v. Athletic Track & Court Constr.*, 172 F.3d 836, 842 (Fed. Cir. 1999). A determination of infringement cannot be predicated on a comparison of an accused product with a patentee's commercial embodiment of the claimed invention. *Spectrum Int'l, Inc. v. Sterilite Corp.*, 164 F.3d 1372 (Fed. Cir. 1998). There simply is no nexus between Crossroads' marking of its products and infringement.

The fact that Crossroads marked its routers with the '972 patent is irrelevant to the jury's determination of invalidity. In a signed and verified interrogatory response, Chaparral has taken the position that SCSI reserve/release is not access controls, as the Court defined that term. (Exhibit 1 at 16-17). This position is consistent with the Court's May 14, 2001 Order in the *Pathlight* case. As Chaparral admits reserve/release is not prior art, whether or not Crossroads' products or anyone else's products contained reserve/release is irrelevant to the issue of invalidity.

It is undisputed that Crossroads did not mark any of its products until after it obtained the '972 patent. Therefore evidence that it has marked the products with the '972 patent cannot be relevant to inequitable conduct.

### D. Evidence That Crossroads Marked its Router Products is Irrelevant to Defendant's Damages Theory

The issue of Crossroads marking its products is irrelevant to the issue of damages. Neither Crossroads' nor Pathlight's economic experts raised the issue in their expert reports. Obviously, if Chaparral's expert thought Crossroads' marking of its products was relevant to damages, this analysis would have been included in his expert report.

### III. EVIDENCE OF CROSSROADS' MARKING SHOULD BE EXCLUDED UNDER FEDERAL RULE OF EVIDENCE 403

Federal Rule of Evidence 403 provides independent justification for the Court to grant this motion in limine. If the jury hears evidence that Crossroads mistakenly marked the '972 patent on its products, Crossroads will be unjustly prejudiced. The jury will likely conclude Crossroads is an unethical company. Such thoughts would taint the jury's impartiality and prejudice Crossroads.

### IV. CONCLUSION

Based on the foregoing discussion, the Court should exclude any evidence that Crossroads has marked its router products with the '972 patent.

GRANTED _____       DENIED _____

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully request that the Court grant this Motion in Limine and instruct the parties and counsel for the parties accordingly.

Gray Cary\AU\4066405.1
103671-160175

4

Dated: August 31, 2001

                                        Gray Cary Ware & Freidenrich LLP

By: _____
    JOHN ALLCOCK (CA State Bar No. 098895)
    ALAN D ALBRIGHT (TX State Bar No. 00973650)
    JOHN E. GIUST (CA State Bar No. 196337)
    MATTHEW C. BERNSTEIN (CA State Bar No. 199240)

1221 South MoPac Expressway
Suite 400
Austin, Texas 78746-6875
512.457.7121
512.457.7001
 (Facsimile)

**ATTORNEYS FOR PLAINTIFF/ COUNTER-DEFENDANT CROSSROADS SYSTEMS, (TEXAS), INC.**

## Certificate of Service

I hereby certify that on this 31st day of August, 2001, a true and correct copy of the foregoing document was served on counsel of record in the manner indicated below:

**VIA hand delivery**

David D. Bahler, Esq.
Michael C. Barrett, Esq.
Mark T. Garrett, Esq.
FULLBRIGHT & JAWORSKI, L.L.P.
1900 One American Center
600 Congress Avenue
Austin, TX 78701-3248

_____
Alan D Albright

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

RECEIVED

JUN 2 0 2001

GRAYCARY/A.ALBRIGHT

CROSSROADS SYSTEMS, (TEXAS),
INC., a Texas Corporation,

    Plaintiff/Counter-Defendant,

v.

CHAPARRAL NETWORK STORAGE, INC.
a Delaware corporation,

    Defendant/Counter-Plaintiff.

CIVIL ACTION NO. A-00CA-217-SS

DEMAND FOR JURY TRIAL

## DEFENDANT CHAPARRAL'S SUPPLEMENTAL ANSWERS TO PLAINTIFF CROSSROADS' INTERROGATORIES NOS. 1-5, 14

To. Plaintiff CROSSROADS SYSTEMS, (TEXAS) INC., by and through its attorneys of record, Alan D Albright, Esq.; GRAY CARY WARE & FREIDENRICH, L.L.P., 1221 South MoPac Expressway, Suite 400, Austin, Texas 78746-6875 and John Allcock, Esq.; John Giust, Esq.; and Matthew Bernstein, Esq , GRAY CARY WARE & FREIDENRICH LLP; 401 B Street, Suite 1700; San Diego, CA 92101-4297

25052915.1

-1-

Pursuant to the Rules of Federal Rules of Civil Procedure, Defendant Chaparral Network Storage, Inc. (hereinafter "Chaparral") serves these supplemental Answers to Plaintiff's Interrogatories Nos. 1-5 and 14 in writing and under oath.

## I. PRELIMINARY STATEMENT

These responses are made only on such information as is presently known to Chaparral, and Chaparral reserves the right to modify or supplement these responses as necessary.

## II. GENERAL OBJECTIONS

The following general objections should be interpreted to apply to each individual request as if set forth in full in response thereto:

1. Chaparral objects to the interrogatories to the extent that they call for information constituting or reflecting attorney-client communications, on the ground of the attorney-client privilege.

2. Chaparral objects to the interrogatories to the extent that they call for information constituting or reflecting work product, including but not limited to, the thoughts or mental impressions of Chaparral's attorneys in connection with the preparation, prosecution, or defense of any claim by or against Chaparral, on the ground of the work product immunity doctrine.

3. Chaparral objects to the interrogatories to the extent that the instructions and definitions proffered by Crossroads seek to impose greater burdens upon Chaparral than are established by the rules governing responses to interrogatories.

4. Chaparral objects to the interrogatories on the ground that they violate the Federal Rules of Civil Procedure, the Local Rules, and the Court's Scheduling Order concerning the timing of disclosure of expert witnesses and their opinions and reports.

Crossroads at Comdex 1996, the offer for sale by Crossroads in 1996 of the 4100 and/or 4400 product, the offer for sale in 1996 by Hewlett Packard of the HP Fibre Channel to SCSI Multiplier (MUX) device, technology from TD Systems, including the TD Systems Omniserve User Guide, Ancot's FSB-8000/8001 Fibre Channel to SCSI bridge, and Sequent's FC/SCSI bridge.

None of these items was disclosed to the Patent Office by Crossroads. On information and belief, during prosecution of the '972 patent, the named inventors and/or other individuals associated with the filing or prosecution of the '972 patent knew of (at least) the Adaptec Coronado Product, the device shown by Crossroads at Comdex 1996, an offer for sale by Crossroads in 1996 of the 4100 and/or 4400 product, and the offer for sale in 1996 by Hewlett Packard of the HP Fibre Channel to SCSI Multiplier (MUX) device. And, on information and belief, despite knowledge of this material prior art, the named inventors and/or individuals associated with the filing or prosecution of the '972 patent failed to disclose this material prior art to the United States Patent and Trademark Office during prosecution of the '972 patent, with the intent to deceive the United States Patent and Trademark Office.

**INTERROGATORY NO. 14**

Separately, for each Bridge or Router known to You, state: (a) the identity by company model name and designation of such Bridge or Router, (b) whether or not You will Contend that such Bridge or Router is prior art to the asserted U.S. Patent, 5,941,972, (c) whether or not You will Contend that any implementation, variation, execution or carrying out of any SCSI commands known as "RESERVE" and/or "RELEASE" (including all variations, standards and specification, including "persistent" RESERVE and/or RELEASE), either alone, together, or in conjunction with other SCSI commands (including all versions, standards and specifications thereof) by such Bridge or Router does or does not meet the claim term "implement access controls" (or "implements access controls") as construed previously by the Court in this action with respect to asserted U.S Patent No. 5,941,971, and (d) explain in detail all reasons why the implementation, variation, execution or carrying out of such command(s) by such Bridge or Router does or does not meet such claim term as the claim term has been construed. In answering this Interrogatory, account for all initiator/target modes of operation which such Bridge or Router is capable of performing.

**RESPONSE TO INTERROGATORY NO. 14**

Subject to general objections, and as presently advised, Chaparral supplements its response as follows:

Chaparral incorporates by reference the Expert Report of Gary Stephens, the Rebuttal Report of Gary Stephens, Pathlight's Motion for Summary Judgment of Invalidity (including attachments) and Pathlight's Reply to Crossroads' Opposition (including attachments).

(a)  The identity by company model name and designation of such Bridge or Router:

---

| | | |
|---|---|---|
| Digital Equipment Corporation (now Compaq): | (1) | DIGITAL StorageWorks HSx72 |

---

| | | |
|---|---|---|
| TD Systems: | (1) | Ominserve 3 |

---

(b)  Whether or not You will Contend that such Bridge or Router is prior art to the asserted U.S. Patent, 5,941,972:

Chaparral contends that each product identified above in (a) is prior art to the '972 patent.

(c)  Whether or not You will Contend that any implementation, variation, execution or carrying out of any SCSI commands known as "RESERVE" and/or "RELEASE" (including all variations, standards and specification, including "persistent" RESERVE and/or RELEASE), either alone, together, or in conjunction with other SCSI commands (including all versions, standards and specifications thereof) by such Bridge or Router does or does not meet the claim term "implement access controls" (or "implements access controls") as construed previously by the Court in this action with respect to asserted U.S. Patent No. 5,941,971,

Under Chaparral's interpretation the RESERVE/RELEASE commands may not meet the claim term "access controls" as construed by the Court. This includes variations of the RESERVE/RELEASE commands such as persistent RESERVE/RELEASE. However, if it is found that the RESERVE/RELEASE commands do meet this claim term, Chaparral contends that the patent-in-suit is invalid in view of the prior art as discussed in response to Interrogatory Nos. 2 and 3.

(d)     Explain in detail all reasons why the implementation, variation, execution or carrying out of such command(s) by such Bridge or Router does or does not meet such claim term as the claim term has been construed.

Chaparral believes that the management of RESERVE/RELEASE commands may not constitute "access controls" because the Court's construction requires that:

1.  "Access controls" do not provide partial access; and
2   "Access controls" may not be managed by each individual workstation

The RESERVE/RELEASE commands, on the other hand, may provide partial access and allow individual workstations to manage access.

However, if the RESERVE/RELEASE commands <u>are</u> encompassed by the definition of "access controls," Chaparral contends that the patent-in-suit is invalid in view of prior art that implemented the RESERVE command (*e.g.*, by keeping track of RESERVE commands in a table) so as to effect access between Fibre Channel workstations and SCSI storage devices.

DATED: July 17, 2001

Respectfully Submitted,

By *Michael C. Barrett*
David D. Bahler, Esq. (SBN 01513100)
Mark T. Garrett (SBN 24007225)
Michael C. Barrett, Esq. (SBN 24006803)
FULBRIGHT & JAWORSKI .L.L.P
1900 One American Center
600 Congress Avenue
Austin, TX 78701-3248
Telephone: (512) 418-3000
ATTORNEYS FOR DEFENDANT

Received 07/17/2001 17:10 in 00:52 on line [3] for MB01963 printed 0,.//2001 17:20 * Pg 2/2
SENT BY: CHAPARRAL NETWORK STORAGE;          3038453652;          JUL-17-01  4:26PM;          PAGE 2/2

## VERIFICATION

I, _Victor M. Perez_ (name), _President & CEO_ (position) for Chaparral Network Storage, Inc., hereby state that:

(a) DEFENDANT CHAPARRAL'S SUPPLEMENTAL ANSWERS TO PLAINTIFF CROSSROADS' INTERROGATORIES NOS. 1-5, 14 were prepared with the assistance of employees and representatives of Chaparral, upon which I relied;

(b) the answers set forth herein, subject to inadvertent or undiscovered errors, are based on, and therefore necessarily limited by, the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these answers;

(c) consequently Chaparral reserves the right to make any changes in the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and

(d) subject to the limitations set forth herein, DEFENDANT CHAPARRAL'S SUPPLEMENTAL ANSWERS TO PLAINTIFF CROSSROADS' INTERROGATORIES NOS. 1-5, 14 are true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _17_ July 2001.         By: _[signature]_
                                    Signed by: _Victor M. Perez_
                                    Position: _President & CEO_

25052915.1                          -18-

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of July 2001, copies of the foregoing **DEFENDANT CHAPARRAL'S SUPPLEMENTAL ANSWERS TO PLAINTIFF CROSSROADS' INTERROGATORIES NOS. 1-5, 14** was served on all counsel of record, as indicated below:

Alan D Albright, Esq.
GRAY CARY WARE
& FREIDENRICH, L.L.P.
1221 s. Mopac Expressway, Suite 400
Austin, Texas 78746-6875

**FIRST CLASS MAIL AND E-MAIL**

John Allcock, Esq.
John Giust, Esq.
Matthew Bernstein, Esq.
GRAY CARY WARE
& FREIDENRICH, L.L.P.
401 B Street, Suite 1700
San Diego, CA 92101-1048

**FEDERAL EXPRESS AND E-MAIL**

_____